UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA BRADFORD,

        Plaintiff,                         Case No. 1:11-cv-660

v.                                           HON. JANET T. NEFF

WAL MART STORES EAST, L.P.,

        Defendant.
_____/

## **OPINION**

Plaintiff Brenda Bradford filed this action against Defendant Wal-Mart Stores seeking damages and injunctive relief based on Defendant's failure to provide appropriate disabled parking spaces at a Wal-Mart store entrance. Plaintiff's Complaint alleges three counts: (1) Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, violations; (2) Persons with Disabilities Civil Rights Act (PWDCRA), MICH. COMP. LAWS § 37.1101 *et seq*. violation; and (3) Negligence.

Defendant has filed a motion for summary judgment. Plaintiff has filed a Response, and Defendant has filed a Reply. Having fully considered the parties' briefs and accompanying exhibits, the Court concludes that oral argument is unnecessary to resolve the pending motions. *See* W.D. Mich. LCivR 7.2(d). Because judgment as a matter of law is not appropriate on any of the three counts alleged, the motion for summary judgment is properly denied.

## I. Facts[1]

Plaintiff suffers from Chronic Obstructive Pulmonary Disease (COPD) and is a qualifying individual with a disability as defined by the ADA (SMF ¶¶ 1-2). On October 1, 2010, Plaintiff was a customer/business invitee at Defendant's Wal-Mart store located on 9th Street in Oshtemo Township, Kalamazoo County, Michigan (*id.* ¶ 4). The Wal-Mart store has three public entrances: two main public entrances on the east side of the building abutting the main parking area for the store, and one public entrance in the tire and lube express (TLE) area, located on the north side of the building (*id.* ¶ 6). The two main public entrances are marked as accessible entrances for persons with disabilities and have automatic door openers; the public entrance in the TLE area is not marked as being an accessible entrance to persons with disabilities and does not have an automatic door opener (*id.* ¶ 7).

There are two designated parking spaces for persons with disabilities in the TLE area, but those spaces are not on the shortest accessible route of travel to the public entrance (*id.* ¶¶ 9-10). There are at least four parking spaces closer to the public entrance in the TLE area, all of which were occupied when Plaintiff arrived (*id.* ¶ 10). After Plaintiff parked in one of the designated disabled parking spaces she walked to the public entry door in the TLE area; on her way, she became short of breath and had to stop to rest (*id.* ¶¶ 11-12). Plaintiff entered the store and waited in line approximately twenty minutes to have a key made (*id.* ¶ 13). Plaintiff then left to return to her car through the same TLE public entrance; she did not ask for assistance to return to her car (*id.* ¶¶ 14-

---

[1] Where noted, the facts are drawn from Defendant's Statement of Material Facts (SMF) (Dkt 58, Ex. A), with which Plaintiff agrees.

15). As Plaintiff was walking back to her car she stopped to take a rest, then continued walking, fainted and fell to the ground (*id.* ¶ 16).

According to her Complaint, Plaintiff sustained abrasions and contusions on her face and left elbow from her fall, and was immediately taken to the emergency room after someone discovered her (Compl. ¶¶ 19-20). She also sustained a knot on her head (*id.* ¶ 21). Plaintiff has experienced severe headaches and neck pain, shock, emotional distress, and a loss of enjoyment of life (*id.* ¶¶ 22-23).

## II. Legal Standard

A moving party is entitled to a grant of its motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The court must consider the evidence and all reasonable inferences in favor of the nonmoving party. *Slusher v. Carson,* 540 F.3d 449, 453 (6th Cir. 2008); *Hamilton v. Starcom Mediavest Group, Inc.,* 522 F.3d 623, 627 (6th Cir. 2008).

The initial burden is on the moving party to show that there is no dispute regarding any genuine issue of material fact. *Slusher,* 540 F.3d at 453. "Once the moving party supports its motion for summary judgment, the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Id.* "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.,* 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson,* 477 U.S. at 251-52).

### III.  Discussion

Plaintiff alleges that Defendant violated Title III of the ADA because Defendant did not place its designated disabled parking spaces near the TLE entrance on the shortest accessible route of travel from adjacent parking to an accessible building entrance, as required by the ADA/ADA Accessibility Guidelines[2] (ADAAG).[3]  Plaintiff seeks relief under the PWDCRA on the basis of the alleged ADA violation.  Plaintiff's negligence claim is based on an allegation that the ADAAG, and the regulations implementing the ADA, provide that places of public accommodation must have accessible parking spaces for disabled individuals, and Defendant failed to have appropriate parking spaces for the disabled as described.

### A.  ADA Claim

Defendant seeks summary judgment of Plaintiff's ADA claim on the grounds that the TLE entrance is ADA-compliant even though it is not accessible (Def. Br. at 9).  Defendant argues that the TLE entrance *is not a accessible entrance* and *is not required to be an accessible entrance*[4] (*id.* at 8).  Defendant's argument relies on two specific provisions of the ADAAG: § 4.1.3(8)(a)(1) and § 4.13.  Section 4.1.3(8)(a)(1) provides:

---

[2]ADA Accessibility Guidelines for Buildings and Facilities, 28 C.F.R. 36, Appendix A, *available at* http://www.ada.gov/reg3a.html#Anchor-Appendix-52467.

[3]The parties do not dispute that the ADAAG requires that "[a]ccessible parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance."  ADAAG, § 4.6.2.

[4]Defendant concedes that if the TLE entrance must comply with § 4.1.3(8)(a)(1), then the accessible parking spaces in the TLE area are not in compliance with the ADA because they are not "on the shortest accessible route of travel from adjacent parking to an accessible entrance," pursuant to § 4.6.2 (Def. Br. at 8).

>At least 50% of all public entrances (excluding those in (b) below)[5] must be accessible. At least one must be a ground floor entrance. Public entrances are any entrances that are not loading or service entrances.

Section 4.13, entitled "Doors," provides comprehensive requirements for accessible doors, such as door hardware, door closers, door signage, opening force, and minimum maneuvering clearances at doors that are not automatic or power-assisted. ADAAG, § 4.13. Defendant asserts that it is clear the TLE entrance is not an accessible entrance because the door has none of the required accessibility features of § 4.13, including door hardware, door closers, or door signage (Def. Br. at 8).

Defendant asserts that the only remaining question then, is whether the TLE entrance *is required to be accessible* (*id.*). Defendant argues that the TLE entrance is not required to be accessible because two other entrances to the store are qualified "accessible entrances," which meets the ADA requirement that at least 50 percent of entrances be accessible entrances under § 4.1.3(8)(a)(i). Defendant states that since the two main entrances to the Wal-Mart store are accessible, which Plaintiff does not dispute, 67 percent (2 of 3) of the entrances are accessible. Defendant argues therefore that the TLE entrance is ADA-compliant even though it is not accessible.

The flaw in Defendant's argument with respect to summary judgment is that, even assuming it is factually correct, it is limited to only two of several arguably applicable provisions of the ADA/ADAAG that serve to undermine Defendant's contention that the TLE entrance is not an accessible entrance. For example, Plaintiff cites § 4.1.3(8)(d), which provides: "Entrances which are not accessible shall have directional signage complying with 4.30.1, 4.30.2, 4.30.3, and 4.30.5,

---

[5]There is no argument that subsection (b) applies on the facts presented.

which indicates the location of the nearest accessible entrance." Plaintiff points to evidence that the TLE entrance has no such directional signing. Plaintiff argues that the lack of this signage, by negative deduction, shows that the entrance was an accessible entrance. Plaintiff further contends that the evidence conclusively establishes that the TLE entrance is an accessible entrance, which entitles Plaintiff to judgment as a matter of law.

Plaintiff also disputes that Defendant's argument is factually correct with respect to the contention that the TLE entrance has none of the required accessibility features of § 4.13, including door hardware, door closers, or door signage. Defendant's argument in reply does not address Plaintiff's contentions, and instead cites additional ADAAG provisions concerning accessibility, which adds to, rather than resolves, the contested legal issues regarding whether the TLE entrance is ADA compliant.[6]

Given the disputed issues of fact, and the disputed legal issues, Defendant is not entitled to summary judgment of Plaintiff's ADA claim. For the same reasons, Plaintiff's request for summary judgment in her favor is denied.

B. Remaining Claims

Defendant acknowledges that Plaintiff's remaining counts are essentially dependent on Plaintiff being successful in her argument on the ADA count (Def. Reply, Dkt 60, at 4). Given the disputed factual and legal issues on the ADA count, Defendant's motion for summary judgment of the PWDCRA and negligence counts must be denied.

---

[6] The Court notes that the parties' theories and arguments in this case have been to some extent a moving target, which may be in part due to the complexity of the underlying regulations and guidelines, but nonetheless renders any resolution more difficult on the briefs before the Court.

Even if Defendant did not concede the interrelationship of the claims under the remaining counts, the Court concludes that disputed factual and legal issues preclude judgment as a matter of law on the remaining counts. Contrary to Defendant's argument, it is not clear that Plaintiff's PWDCRA claim fails simply on the grounds that she never made a request for an "accommodation," such as assistance getting to her car. Likewise, with respect to the negligence claim, it is not clear that this claim is superseded by the specific statutory remedies found in the ADA and PWDCRA, particularly in light of Plaintiff's argument that her claim for damages for her injuries rests entirely on her negligence claim because such damages are precluded under the ADA.

### IV. Conclusion

For the reasons stated, Defendant's motion for summary judgment is denied. An Order consistent with this Opinion will be entered.

DATED: December 5 , 2012                             /s/ Janet T. Neff
                                                     JANET T. NEFF
                                                     United States District Judge